## T. C. & J. NEWCOMBE *v.* TOLLE, HOLTON & CO.

**Bankruptcy as Defense—Answer.**

> An answer setting up bankruptcy, to be good, must aver that plaintiffs proved their debts in the bankrupt court, or that the defendant had been adjudged a bankrupt, or that the defendant had been discharged by the proceedings in bankruptcy from said debts.

### APPEAL FROM FLEMING CIRCUIT COURT.

September 18, 1875.

OPINION BY JUDGE PETERS:

It is alleged in the answer by appellants that they had filed their petition in the United States District Court at Louisville under the bankrupt laws of the United States for a discharge in bankruptcy, as per Exhibit A, and they therefore protest and object to this court's taking jurisdiction of this case.

But it is not alleged in the answer that appellees had proved their debts against the appellants in the bankrupt court, nor had been adjudged bankrupt, nor that appellants had been discharged by the proceedings in bankruptcy from said debts.

Section 21 of the general bankrupt laws of 1867 provides that no creditor who proves his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, etc.

Their answer, therefore, in order to have presented a good defense to the action, should have alleged that appellees had proved their debts in the bankrupt court, or that appellants had been adjudged bankrupt, or had been discharged from said debts by the judgment of said court, and neither averment having been made, the demurrer was properly sustained.

Wherefore the judgment is *affirmed.*

*W. H. Card, for appellants.  W. S. Botts, for appellees.*